IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ERIK GARCIA, | ) |
|        Plaintiff, | ) |
| | ) CIVIL ACTION |
| vs. | ) |
| | ) Case No. |
| 801 MAIN LLC, | ) |
|        Defendant. | ) |

## COMPLAINT

COMES NOW, ERIK GARCIA, by and through the undersigned counsel, and files this, his Complaint against Defendant, 801 MAIN LLC, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendant's failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2. Plaintiff, ERIK GARCIA (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Houston, Texas (Harris County).

3. Plaintiff is disabled as defined by the ADA.

4. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking and standing.

5. Plaintiff uses a wheelchair for mobility purposes.

6. Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA. His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to the Property within six months after it is accessible ("Advocacy Purposes").

7. Defendant, 801 MAIN LLC (hereinafter "801 MAIN LLC"), is a Texas limited liability company that transacts business in the State of Texas and within this judicial district.

8. Defendant, 801 MAIN LLC, may be properly served with process for service via its Registered Agent, to wit:  Robert A. Kouts, Registered Agent, 2142 Country Road 57 Rosharon, TX  77583.

## FACTUAL ALLEGATIONS

9. On or about May 11, 2020, Plaintiff was a customer at "Cricket" a business located at 827 W. Main Street, League City, TX  77573, referenced herein as "Cricket". Attached is a receipt documenting Plaintiff's purchase. *See* Exhibit 1. Also attached is a photograph documenting Plaintiff's visit to the Property. *See* Exhibit 2.

10. Defendant, 801 MAIN LLC, is the owner or co-owner of the real property and improvements that Cricket is situated upon and that is the subject of this action, referenced herein as the "Property."

11. Plaintiff lives 6 miles from the Property.

12. Plaintiff's access to the business(es) located 827 W. Main Street, League City, TX

2

77573, Harris County Property Appraiser's account number 136276 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendant, 801 MAIN LLC, is compelled to remove the physical barriers to access and correct the ADA violations that exist at the Property, including those set forth in this Complaint.

13. Plaintiff has visited the Property at least once before as a customer and advocate for the disabled. Plaintiff intends on revisiting the Property within six months after the barriers to access detailed in this Complaint are removed and the Property is accessible again. The purpose of the revisit is to be a return customer, to determine if and when the Property is made accessible and to maintain standing for this lawsuit for Advocacy Purposes.

14. Plaintiff intends on revisiting the Property to purchase goods and/or services as a return customer living in the near vicinity as well as for Advocacy Purposes, but does not intend to re-expose himself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

15. Plaintiff travelled to the Property as a customer and as an independent advocate for the disabled, encountered the barriers to access the Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

16. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

17. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

18. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

4

\* \* \* \* \*

    (iv)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

19. The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

20. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

21. The Property is a public accommodation and service establishment.

22. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

23. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

24. The Property must be, but is not, in compliance with the ADA and ADAAG.

25. Plaintiff has attempted to, and has to the extent possible, accessed the Property in his capacity as a customer at the Property as well as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Property that preclude and/or limit his access to the Property and/or the goods, services, facilities, privileges, advantages and/or

accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

26. Plaintiff intends to visit the Property again in the very near future as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Property that preclude and/or limit his access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

27. Defendant, 801 MAIN LLC, has discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

28. Defendant, 801 MAIN LLC, will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant, 801 MAIN LLC, is compelled to remove all physical barriers that exist at the Property, including those specifically set forth herein, and make the Property accessible to and usable by Plaintiff and other persons with disabilities.

29. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed, or was made aware of prior to the filing of this Complaint, that precluded and/or limited Plaintiff's access to the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Property include, but are not limited to:

**ACCESSIBLE ELEMENTS:**

(i) Near Unit 803, at least one accessible parking space is not adequately marked and is in violation of Section 502.2 of the 2010 ADAAG standards. Specifically, there is an erroneous painted line through the middle of the accessible parking space making it impossible to determine the defined width of the parking space. This violation would make it difficult for Plaintiff to locate an accessible parking space.

(ii) Near Unit 803, the accessible parking space is missing a proper identification sign in violation of Section 502.6 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to locate an accessible parking space.

(iii) Near Unit 803, the accessible parking space has an accessible route to only one unit (Unit 803) and does not provide an accessible route to other units of the Property, this is a violation of section 208.3.1 of the 2010 ADAAG Standards which requires accessible parking spaces which serves more than one accessible entrance be located on the shortest accessible route to all the accessible entrances.

(iv) The Property lacks an accessible route from accessible parking spaces, accessible passenger loading zones, public streets, sidewalks and/or public transportation stops to all the accessible entrances of the Property in violation of Section 206.2.1 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to access the units of the Property.

(v) The maneuvering clearance of the accessible entrance to Unit 809 is not level in violation of Section 404.2.4.4 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to access this unit. of the Property.

(vi)     The accessible entrance to Unit 809 has a ramp containing a 2-3 inch vertical rise at the base of the ramp in violation of section 405.4 of the 2010 ADAAG Standards. This violation would make it difficult and dangerous for Plaintiff to access this Unit.

(vii)     The tenant space to Unit 809 is not accessible in violation of Section 206.4.5 of the 2010 ADAAG Standards. This violation would make it difficult and dangerous for Plaintiff to access this Unit.

(viii)     The maneuvering clearance of the accessible entrance to Unit 811 is not level in violation of Section 404.2.4.4 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to access this unit. of the Property.

(ix)     The accessible entrance to Unit 811 has a ramp containing a surface slope in excess of 1:10 and has a total vertical rise exceeding 3 inches, this is a violation of section 405.2 of the 2010 ADAAG Standards. This violation would make it difficult and dangerous for Plaintiff to access this Unit.

(x)     The accessible entrance to Unit 811 has a ramp containing side flares with a surface slope in excess of 1:10 this is a violation of section 405.3 of the 2010 ADAAG Standards. This violation would make it difficult and dangerous for Plaintiff to access this Unit.

(xi)     The tenant space to Unit 811 is not accessible in violation of Section 206.4.5 of the 2010 ADAAG Standards. This violation would make it difficult and dangerous for Plaintiff to access this Unit.

(xii)     The maneuvering clearance of the accessible entrance to Unit 813 is not level in violation of Section 404.2.4.4 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to access this unit. of the Property.

(xiii)     The accessible entrance to Unit 813 has a ramp containing a surface slope in excess of 1:10 and has a total vertical rise from the top to bottom of the ramp exceeding 3 inches, this is a violation of section 405.2 of the 2010 ADAAG Standards. This violation would make it difficult and dangerous for Plaintiff to access this Unit.

(xiv)     The accessible entrance to Unit 813 has a ramp containing side flares with a surface slope in excess of 1:10 this is a violation of section 405.3 of the 2010 ADAAG Standards. This violation would make it difficult and dangerous for Plaintiff to access this Unit.

(xv)     The doorway to Unit 813 has a threshold containing an unbeveled vertical rise exceeding ½ in length in violation of section 404.2.5 of the 2010 ADAAG Standards. This violation would make it difficult of Plaintiff to access this unit.

(xvi)     The tenant space to Unit 813 is not accessible in violation of Section 206.4.5 of the 2010 ADAAG Standards. This violation would make it difficult and dangerous for Plaintiff to access this Unit.

(xvii)     The maneuvering clearance of the accessible entrance to Unit 815 is not level in violation of Section 404.2.4.4 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to access this unit. of the Property.

(xviii)     Due to a vertical rise at the doorway entrance exceeding four inches in height, the tenant space to Unit 815 is not accessible in violation of Section 206.4.5 of the

        2010 ADAAG Standards. This violation would make it difficult and dangerous for Plaintiff to access this Unit.

(xix)    The maneuvering clearance of the accessible entrance to Unit 817 is not level in violation of Section 404.2.4.4 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to access this unit. of the Property.

(xx)    The accessible entrance to Unit 817 has a ramp containing a surface slope in excess of 1:10 and has a total vertical rise exceeding 3 inches, this is a violation of section 405.2 of the 2010 ADAAG Standards. This violation would make it difficult and dangerous for Plaintiff to access this Unit.

(xxi)    The accessible entrance to Unit 817 has a ramp containing side flares with a surface slope in excess of 1:10 this is a violation of section 405.3 of the 2010 ADAAG Standards. This violation would make it difficult and dangerous for Plaintiff to access this Unit.

(xxii)    The ramp leading to Unit 817 has an unsecured rug with unsecured edges and trim in violation of section 302.2 of the 2010 ADAAG Standards. This violation would make it difficult and dangerous for Plaintiff to access this Unit.

(xxiii)    The tenant space to Unit 817 is not accessible in violation of Section 206.4.5 of the 2010 ADAAG Standards. This violation would make it difficult and dangerous for Plaintiff to access this Unit.

(xxiv)    The maneuvering clearance of the accessible entrance to Unit 819 is not level in violation of Section 404.2.4.4 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to access this unit. of the Property.

(xxv) The accessible entrance to Unit 819 has a ramp containing a surface slope in excess of 1:10 and has a total vertical rise exceeding 3 inches, this is a violation of section 405.2 of the 2010 ADAAG Standards. This violation would make it difficult and dangerous for Plaintiff to access this Unit.

(xxvi) The ramp leading to Unit 819 has an unsecured rug with unsecured edges and trim in violation of section 302.2 of the 2010 ADAAG Standards.

(xxvii) The maneuvering clearance of the accessible entrance to Unit 825 is not level in violation of Section 404.2.4.4 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to access this unit. of the Property.

(xxviii) Due to a vertical rise at the doorway entrance exceeding four inches in height, the tenant space to Unit 825 is not accessible in violation of Section 206.4.5 of the 2010 ADAAG Standards. This violation would make it difficult and dangerous for Plaintiff to access this Unit.

(xxix) Due to the accessible barrier present at the accessible entrances, the accessible entrances of the Property lack at least one accessible route provided within the site to the public streets and sidewalks in violation of Section 206.2.1 of the 2010 ADAAG standards.

(xxx) The Property lacks signage identified by the International Symbol of Accessibility that indicates the location of the nearest entrance complying with Section 404 of the 2010 ADAAG standards, if such an entrance exists. This policy decision by Defendant(s) violates Section 216.6 of the 2010

|           | ADAAG Standards. This violation would make it difficult for Plaintiff to find an accessible entrance. |
|-----------|---|
| (xxxi)    | The Property lacks an access route from site arrival points such as the public streets and sidewalks to the accessible entrance in violation of sec Section 206.2.1 of the 2010 ADAAG standards. |
| (xxxii)   | There is not at least one accessible entrance to each tenant space in the building that complies with section 404 of the 2010 ADAAG standards which is a violation of Section 206.4.5 of the 2010 ADAAG Standards. |
| (xxxiii)  | In front of Unit 825, due to a policy of placing large potted plants, an umbrella, and chairs in the accessible route, there are publicly accessible areas of the Property having accessible routes with clear widths below the minimum 36 (thirty-six) inch requirement as required by Section 403.5.1 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access exterior public features of the Property. |
| (xxxiv)   | In front of Unit 825, due to a policy of placing large potted plants, an umbrella, and chairs in the accessible route, the Property lacks an accessible route connecting accessible facilities, accessible elements and/or accessible spaces of the Property in violation of Section 206.2.2 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to access public features of the Property. |
| (xxxv)    | Near Cricket Wireless, due to a lack of an adequate policy of maintenance, as a result of fading, the accessible parking space and access aisle is not adequately marked and is in violation of Section 502.1 and 502.2 of the 2010 |

|     |     |
| --- | --- |
|  | ADAAG standards. This violation would make it difficult for Plaintiff to locate an accessible parking space. |
| (xxxvi) | Near Cricket Wireless, the accessible parking space is missing a proper identification sign in violation of Section 502.6 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to locate an accessible parking space. |
| (xxxvii) | The accessible parking space located near Cricket Wireless only provides an accessible route into Cricket Wireless and does not provide an accessible route to any of the other publically accessible Units at the Property in violation of section 208.3.1 of the 2010 ADAAG Standards. This violation would make it difficult for Plaintiff to access the other units on the Property from this accessible parking space. |
| (xxxviii) | At Cricket Wireless, the Property has an accessible ramp leading to the accessible entrance with a slope exceeding 1:12 in violation of Section 405.2 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the units of the Property. |
| (xxxix) | At Cricket Wireless, there is an excessive vertical rise at the base of the accessible ramp in violation of Sections 303.2 and 405.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access public features of the Property. |
| (xl) | At Cricket Wireless, the accessible ramp side flares have a slope in excess of 1:10 in violation of Section 406.3 of the 2010 ADAAG standards. This |

>> violation would make it dangerous and difficult for Plaintiff to access the units of the Property.

(xli) Defendant fails to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

30. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Property.

31. Plaintiff requires an inspection of the Property in order to determine all of the discriminatory conditions present at the Property in violation of the ADA.

32. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

33. All of the violations alleged herein are readily achievable to modify to the Property into compliance with the ADA.

34. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Property is readily achievable because the nature and cost of the modifications are relatively low.

35. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Property is readily achievable because Defendant, 801 MAIN LLC, has the financial resources to make the necessary modifications. According to the Property Appraiser, the Appraised value of the Property is $620,390.00.

36. Moreover, the removal of the physical barriers and dangerous conditions present at the Property is readily achievable because Defendant, 801 MAIN LLC, has access to up to a $5,000.00 tax credit and $15,000.00 tax deduction available from the IRS for spending money on

accessibility modifications.

37. Upon information and good faith belief, the Property has been altered since 2010.

38. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

39. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant, 801 MAIN LLC, is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Property, including those alleged herein.

40. Plaintiff's requested relief serves the public interest.

41. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendant, 801 MAIN LLC.

42. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendant, 801 MAIN LLC, pursuant to 42 U.S.C. §§ 12188 and 12205.

43. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendant, 801 MAIN LLC, to modify the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Defendant, 801 MAIN LLC, in violation of the ADA and ADAAG;

(b) That the Court issue a permanent injunction enjoining Defendant, 801 MAIN LLC, from continuing their discriminatory practices;

(c) That the Court issue an Order requiring Defendant, 801 MAIN LLC, to (i) remove

       the physical barriers to access and (ii) alter the Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(d)    That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(e)    That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: June 16, 2020.

Respectfully submitted,

/s/ Douglas S. Schapiro
Douglas S. Schapiro, Esq.
Southern District of Texas ID No. 3182479
The Schapiro Law Group, P.L
7301-A W. Palmetto Park Rd., #100A
Boca Raton, FL 33433
Tel: (561) 807-7388
Email: schapiro@schapirolawgroup.com